**In re James F. LOVAY, Debtor.**

**Bankruptcy No. 96–40303–s.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Feb. 6, 1997.

Brad Campbell, Dallas, TX, for debtor.

William Thomas McLain, Dallas, TX, for PACCAR.

## OPINION

DONALD R. SHARP, Chief Judge.

COMES NOW before the court for consideration the Application of PACCAR Financial Corporation (hereinafter referred to as "PFC") for Allowance and Payment of Administrative Expenses pursuant to 11 U.S.C. § 503(b). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

1. The Debtor, James F. Lovay (hereinafter referred to as the "Debtor"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code thereby commencing this case on or about February 6, 1996.

2. PFC is the owner and holder of a Security Agreement Retail Installment Contract dated May 5, 1994, and signed by the Debtor, as Buyer (hereinafter referred to as the "Contract").

3. Pursuant to the Contract, the Debtor agreed to purchase a used 1991 Peterbuilt Model 397 Truck/Tractor, Vehicle Identification Number 1XP5DB9X0MD300091 (hereinafter referred to as the "Truck"). PFC financed the Debtor's purchase of the truck.

4. The Debtor's indebtedness to PFC under the Contracts is secured by a properly perfected first lien security interest in the Truck. PFC filed a secured proof of claim in this case relating to the Debtor's purchase of the Truck in the amount of $38,801.77.

5. On or about February 12, 1996, the Debtor filed his proposed Chapter 13 Plan. Pursuant to the terms of the Debtor's proposed Chapter 13 Plan, the Debtor proposed to pay PFC's claim relating to the Truck based on an allowed secured claim totaling $40,000 with interest accruing at the rate of eight percent per annum over sixty months.

6. The Debtor paid to the Chapter 13 Trustee the sum of $4,750 of which $1,000 wad paid in attorney's fees associated with the Chapter 13 case, thus leaving $3,750 on deposit with the Trustee.

7. The Debtor used and operated the Truck post-petition to generate income. To date, PFC has received no post-petition payments from either the Debtor or the Chapter 13 Trustee.

8. Confirmation of the Debtor's proposed Chapter 13 Plan was denied.

9. On August 26, 1996 the Debtor filed a MOTION TO CONVERT CASE from Chapter 13 to Chapter 7.

10. On August 28, 1996, PFC filed its Application for Allowance and Payment of Administrative Expenses. PFC requested that the $3,750 retained by the Chapter 13 Trustee be paid to them as compensation for the Debtor's post-petition use and operation of the Truck.

11. The Debtor returned the Truck to PFC on September 19, 1996.

### DISCUSSION OF LAW

PFC contends that it is entitled to an 11 U.S.C. § 503(b) Administrative Expense as compensation for the Debtor's post-petition use and operation of the Truck. PFC's basis is that the Debtor continued to use the Truck for his business, which happened to be the sole source of income for the Debtor. PFC contends that the income produced from the date of filing Bankruptcy until the date the Truck was returned was income for the "preservation of the estate."

The administrative expenses allowable under § 503(b) are "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case …" 11 U.S.C. § 503(b)(1)(A). Section 503(b) must be narrowly construed. The statute requires actual use of the creditor's property by the debtor, which confers a concrete benefit on the estate before a claim for administrative expenses will be approved. The inquiry should focus upon whether the estate received an actual benefit, not whether the creditor experienced a loss due to the debtor's possession of its property. The mere possibility of any kind of benefit to the estate does not rise to the level of an administrative expense. *Ford*

*Motor Credit Co. v. Dobbins,* 35 F.3d 860, 866 (4th Cir.1994).

■ What constitutes an "actual benefit" must be determined on a case by case basis. *Id.* at 869. In this case PFC was not able to produce evidence showing there was an "actual benefit" to the estate. This court could not determine from the testimony provided that the Debtor's use of the vehicle had any estate preserving attributes. The income derived from the use of the Truck was not sufficient to pay the Debtor's living expenses and fund the plan.

PFC had the burden of demonstrating that the continued use of the truck contributed to the preservation of the estate. Without this proof, PFC is not entitled to an administrative claim.

PFC further argues that if they do not receive a § 503(b) claim for the post-petition use of the Truck they will not be adequately protected. In fact, counsel seemed to use the concept of "adequate protection" and "administrative expense" interchangeably during oral argument.

■ This Court believes that there is "nothing in 503(b) remotely suggesting that administrative expense priority was intended as an optional remedy to adequate protection of a secured claimholder's interest in the property of the estate." *In re Advisory Information and Management Systems,* 50 B.R. 627, 630 (Bkrtcy.M.D.Tenn.1985); *In re James B. Downing & Co.,* 94 B.R. 515, 522 (Bkrtcy.N.D.Ill.1988). It is clear that administrative expense and adequate protection cannot be used interchangeably. To help clarify the matter of § 503(b) and adequate protection requires examination of § 507(b). Section 507(b)[1] provides that if a creditor has both adequate protection and an administrative claim, then the creditor's claim is given priority over other allowable claims entitled to distribution under § 507(a).

*Grundy Nat. Bank v. Rife,* 876 F.2d 361, 363 (4th Cir.1989).

■ Section 507(b) has three requirements as enunciated by this Court in *In re Mcleod* citing *Ford Motor Credit.* First, adequate protection must have been provided previously. Second, the creditor must have a claim allowable under § 507(a)(1) (which in turn requires that the creditor have an administrative expense claim under § 503(b)). Third, the claim must have arisen from either the automatic stay under §. 362; or the use, sale or lease of the collateral under § 363; or the granting of a lien under § 364(d). *Ford Motor Credit,* 35 F.3d at 865.

It appears from the majority of authorities that the granting of some form of adequate protection by court order is a prerequisite to a claim of priority under § 507(b). *In re James B. Downing,* 94 B.R. at 521. PFC neither moved for nor was granted adequate protection payments. Movant cannot now merge the concepts of "adequate protection" and an "administrative expense claim" into some kind of superpriority.

### Conclusion

This court holds that PFC is not entitled to § 503(b) administrative expenses for the post-petition use of the Truck by the debtor. The evidence failed to demonstrate that the use of the vehicle had an "actual benefit" to the preservation of the estate.

---

1. Section 507(b) provides: "If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by the lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, then such creditors claim under such subsection shall have priority over every other claim allowable under subsection 11 U.S.C. § 507(b).